**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| ADMINISTRATIVE DISTRICT COUNCIL 1 OF ILLINOIS OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, <br><br> Plaintiff, <br><br> v. <br><br> NEXT GEN SERVICES, LTD., and ANDRZEJ PACHLA, <br><br> Defendants. | Case No. 1:26-CV-00169 |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Next Gen Services, Ltd. ("Next Gen"), and Andrzej Pachla ("Pachla"), by their attorney, Ronald L. Sandack, submit their Answer to the Complaint filed by Plaintiff, Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO ("Union"), as follows:

## INTRODUCTION, JURISDICTION, AND VENUE

1.      The Union brings this action against Next Gen and Pachla to enforce a settlement agreement that resolved a grievance filed under the provisions of a collective bargaining agreement.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 1, and therefore deny same.**

2.      The Court has jurisdiction over this matter and venue is proper pursuant to § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a) and (c).

**ANSWER: Admit.**

1

## PARTIES

3. The Union is a "labor organization" within the meaning of 29 U.S.C. ¶152(5) and maintains its principal place of business within this district.

**ANSWER: Admit.**

4. The Union is the collective bargaining representative of certain employees of Next Gen and Pachla.

**ANSWER: Admit.**

5. Next Gen is an Illinois corporation that maintains its principal place of business and transacts business within this district and is an "employer" within the meaning of 29 U.S.C. §152(2).

**ANSWER: Admit.**

6. Pachla has agreed he is, and in fact he is, the president, secretary, and registered agent of Next Gen, and an "employer" within the meaning of 29 U.S.C. § 152(2). Exhibit A, Recital C and ¶4.

**ANSWER: Defendants state that the referenced Exhibit speaks for itself. If a further answer is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 6, and therefore deny same.**

## FACTS

7. On or about September 19, 2018, and June 21, 2023, Pachla signed short form collective bargaining agreements with the Union on behalf of Next Gen, and those agreements remain in effect to date.

**ANSWER: Admit to the execution of the referenced documents only. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining portion**

of Paragraph 7, and therefore deny same.

8. The September 19, 2018, agreement incorporates, with limited exceptions not relevant here, the substantive terms of the collective bargaining agreements negotiated from time to time between the Union and Mortarmen, Inc. (the "PCC Agreement"), which incorporates, with limited exceptions not relevant here, terms of the collective bargaining agreements negotiated from time to time between the Union and the Tuck Pointing Contractors Association (the "TPCA Agreement").

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 8, and therefore deny same.**

9. The June 21, 2023, agreement incorporates, with limited exceptions not relevant here, the substantive terms of the collective bargaining agreements negotiated from time to time between the Union and various employer associations, including the Mason Contractors Association of Greater Chicago (the "Brick Association Agreement").

**ANSWER:  Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 9, and therefore deny same.**

10. The two short form agreements, the Brick Association Agreement, the PCC Agreement, and the TPCA Agreement constitute the applicable collective bargaining agreements and are referred to individually or together as the "CBA."

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 10, and therefore deny same.**

11. The CBA contains grievance procedures including presentation of grievances to, and resolution of those grievances by, a joint arbitration board ("JAB").

**ANSWER:  Defendants state that the referenced document speaks for itself. If a**

3

**further answer is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 11, and therefore deny same.**

12. The CBA further provides that employers are required to abide by decisions issued by the JAB.

**ANSWER: Defendants state that the referenced Exhibit speaks for itself. If a further answer is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 12, and therefore deny same.**

13. On or around January 14, 2025 (all further dates refer to 2025 unless otherwise noted), the Union notified Next Gen and Pachla of a grievance alleging that they had violated numerous provisions of the CBA, that Pachla was personally bound to the CBA based on his manner of operating Next Gen and his relationship to it, and that the grievance would be presented to the JAB at an arbitration hearing (the "Grievance").

**ANSWER: Admit. Further answering, Defendants denied then, and continue to deny now, any such violations.**

14. The Union, Next Gen, and Pachla (the "Parties") agreed that the JAB constituted under the Brick Association Agreement was authorized to address the Grievance.

**ANSWER: Defendants state that the referenced document speaks for itself. If a further answer is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 14, and therefore deny same.**

15. A hearing to consider the Grievance was held before the JAB on May 19, and each of the Parties was represented by counsel.

**ANSWER: Admit. Further answering, Defendants contest the propriety and fairness of the hearing itself, including its counsel's representation.**

4

16.     After hearing the presentations and arguments, considering the evidence, and conducting its deliberations, the arbitrators reached a preliminary decision and announced to the parties that they would wait to issue a final decision in order to allow the Parties a further opportunity to attempt to resolve the Grievance.

**ANSWER: Admit. Further answering, Defendants contend that the hearing procedures and overall process was inherently biased and unfair to Defendants.**

17.     The Parties engaged in settlement discussions after the May 19 hearing.

**ANSWER:  Admit. Further answering, given the unfair hearing process and the likelihood of an adverse result, Defendants had no other choice.**

18.     On or about September 17, the Parties agreed to settle the Grievance and knowingly and voluntarily entered into a settlement agreement, attached as Exhibit A (the "Agreement").

**ANSWER: Defendants admit that given the unfair hearing process they had no choice but to enter into a settlement agreement with Plaintiff.**

19.     The Agreement is an agreement between employers and labor organizations within the meaning of the Labor-Management Relations Act, 29 U.S.C. § 185.

**ANSWER: Because Paragraph 19 contains a legal conclusion of law as opposed to allegations of fact, no answer is required. To the extent an answer is required, Defendants deny same.**

20.     The Agreement provides in part that Next Gen and Pachla would make payments over a period of months, and potentially years, to former employees, various fringe benefit trust funds, and the Client Trust Account of the Union's attorneys; created a mechanism for Next Gen and Pachla to resume operations after making the first required set of payments; and provided Next Gen and Pachla would be required to stop all work within the scope of the CBA if they defaulted

on the Agreement, including by not making the required payments.

**ANSWER: Defendants state that the Agreement speaks for itself. Further answering, Defendants admit Paragraph 20 accurately paraphrases certain provisions of the Agreement.**

21. In addition to imposing financial obligations, the Agreement provided that Next Gen would be permitted to resume work covered by the CBA upon making the first set of payments to its former employees, subject to meeting and continuing to meet all other obligations; and that if Next Gen resumed operations, it would be subject to special reporting requirements and would be required to permit the Union to place a steward on its jobs. Ex. A, ¶¶ 1-12, 15-16.

**ANSWER: Defendants state that the Agreement speaks for itself. Further answering, Defendants admit Paragraph 21 accurately paraphrases certain provisions of the Agreement.**

22. The Agreement also provides that in event of default, Next Gen and Pachla would be required to make immediate payment of all principal and interest provided for in the Agreement, and all legal fees and costs incurred by the Union in enforcing the Agreement, and would be required to cease performing any work of the sort covered by the CBA, regardless of the name or business form under which such work is performed. *Id.*, ¶21.

**ANSWER: Defendants state that the Agreement speaks for itself. Further answering, Defendants admit Paragraph 22 accurately paraphrases certain provisions of the Agreement.**

23. The first financial obligation in the Agreement was the requirement that Next Gen and Pachla pay a total of $30,105.63 to nineteen specified former employees, with payment to be made by October 15. *Id.*, ¶6.A., and Attachment A.

**ANSWER: Defendants state that the Agreement speaks for itself. Further answering, Defendants admit Paragraph 23 accurately paraphrases certain provisions of the Agreement.**

24. The Agreement provided that at various times after making those first payments to the former employees, Next Gen and Pachla would (1) pay $17,112.72 to various fringe benefit trust funds ("Funds") identified in the Agreement, id., ¶6.B., and Attachment B; (2) make further payments of $3,372.39 monthly for a year to the client trust account maintained by the Union's lawyer, id., ¶6.C.; and (3) make further payments as needed to satisfy other obligations to the Benefit Funds, id., ¶6.D., Recital P.

**ANSWER: Defendants state that the Agreement speaks for itself. Further answering, Defendants admit Paragraph 24 accurately paraphrases certain provisions of the Agreement.**

25. In addition to being personally liable for all obligations under the Agreement as a party to the Agreement, Pachla personally guaranteed the payment obligations set forth in ¶¶ 6.A.– 6.D. of the Agreement. *Id.*, ¶6.

**ANSWER: Defendants state that the Agreement speaks for itself. Further answering, Admit.**

26. Next Gen and Pachla failed to make the payments required under ¶6.A. of the Agreement and despite the Union providing the required notice and cure opportunity by letter of October 16, they have continued to fail to make those payments. See Exhibit B.

**ANSWER: Admit.**

27. The Union provided Next Gen and Pachla with notice of default by letters of November 6 as required by the Agreement, making them liable for immediate payment of all

7

principal and interest, legal fees and costs, and compliance with all other terms that the Agreement provides. See Exhibit C.

**ANSWER: Admit.**

28.     Despite being served with notice of default, Next Gen and Pachla have not made the required payments or otherwise satisfied their obligations under the Agreement.

**ANSWER: Admit.**

29.     Next Gen's and Pachla's actions are a breach of the Agreement.

**ANSWER: Because Paragraph 29 contains a legal conclusion of law as opposed to allegations of fact, no answer is required. To the extent an answer is required, Defendants deny same.**

WHEREFORE, Defendants, Next Gen Services, Ltd. and Andrzej Pachla, respectfully request that this Court enter an order dismissing the complaint filed by Plaintiff, Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO, together with such other and further relief as the Court deems just and proper.

June 12, 2026

Respectfully submitted,

Next Gen Services, Ltd. and Andrzej Pachla

/s/ Ronald L. Sandack

Ronald L. Sandack, ARDC 6203280
Gaido & Fintzen
20 S. Clark Street, Ste. 510
Chicago, IL 60603
T: (312) 346-7855 | F: (312) 346-8317
rsandack@gaido-fintzen.com

***Counsel for Defendants***

8